# Exhibit 3

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| IN RE APPLICATION OF HULLEY ENTERPRISES LTD., YUKOS UNIVERSAL LTD., and VETERAN PETROLEUM LTD. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING | ) ) ) ) ) ) )  Civil Action No. |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:  Baker Botts LLP
1299 Pennsylvania Ave. NW, Washington, D.C. 20004
*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: See Schedule A

| Place: Shearman & Sterling LLP, 401 9th Street NW, Suite 800, Washington, D.C. 20004 | Date and Time: |
|---|---|

The deposition will be recorded by this method:  Stenographic and/or video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Hulley Enterprises Ltd., Yukos Universal Ltd., and Veteran Petroleum Ltd.           , who issues or requests this subpoena, are:

Christopher Ryan, Shearman & Sterling LLP, 401 9th St. NW, Suite 800, Washington, D.C. 20004; christopher.ryan@shearman.com; 202-508-8098

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

➤ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

➤ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Schedule A**

**DEPOSITION EXAMINATION TOPICS**

**DEFINITIONS**

1.       "Baker Botts," "You," or "Your" means Baker Botts LLP and each predecessor, successor, division, subsidiary, parent, or related company thereof, whether or not organized under the laws of the United States, including but not limited to Baker Botts LLP, and includes any current or former partner, principal, member, officer, director, shareholder, manager, counsel, associate, employee, agent, or representative thereof.

2.       "Application" means Hulley Enterprises Ltd., Yukos International Ltd., and Veteran Petroleum Ltd.'s, Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding and supporting Documents.

3.       "Armenian Official" means any current or former, elected or appointed, official, judge, employee, agent, or representative of the Republic of Armenia, including but not limited to Armen Nikoghosyan, Gevorg Kostanyan, Judge Armen Mkrtumyan, Judge David Avetisyan, Judge Mger Khachatryan, Judge Mamikon Drmeyan, Judge Slava Sarkisyan, Judge Surik Ghazaryan, and Judge Yervand Khundkaryan.

4.       "Communications" mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether transmitted orally, in paper, or electronically.

5.        "Documents" shall be interpreted broadly to include, but not be limited to writings of any kind (including without limitation emails, instant messages, text messages, memoranda, letters, presentation materials, reports, spreadsheets, meeting minutes, calendar entries, diaries, telephone logs, and handwritten notes); graphic or oral records or representations of any kind (including without limitation charts, graphs, and recordings such as voicemails); and any

electronic records of any kind (including without limitation tapes, archival and back-up tapes, recordings, CD's, DVD's, USB's, computer programs, and memories) from which information can be obtained or translated.  Drafts and non-identical duplicates or copies with handwritten notes must be treated as distinct Documents and must be preserved.

6. "Dutch Bankruptcy Proceeding" means Case No. 200.067.301/01 SKG (Court of Appeal Amsterdam, May 17, 2011) and Case No. 200.002.097/02 and 200.002.104/02 (Amsterdam Court of Justice, May 9, 2017) and includes any proceeding relating to or arising out of these proceedings.

7. "Dutch Set Aside Proceeding" means *Veteran Petroleum Limited, Yukos Universal Limited, Hulley Enterprises Limited v. The Russian Federation*, Case No. 200.197.079/01 and includes proceedings in the District Court of The Hague and the Court of Appeal of The Hague related to the set aside of the Interim and Final Awards in *Hulley Enterprises Limited (Cyprus) v. The Russian Federation*, PCA Case No. AA 226; *Yukos Universal Ltd. (Isle of Man) v. The Russian Federation*, PCA Case No. AA 227; and *Veteran Petroleum Limited (Cyprus) v. The Russian Federation*, PCA Case No. AA 228, and any proceeding relating to or arising out of these proceedings.

8. "Pertaining" means relating to, referring to, describing, evidencing, or constituting.

9. "Petitioner" means Hulley Enterprises Ltd., Yukos Universal Ltd., and Veteran Petroleum Ltd.

10. "Prudence Legal" means Prudence Legal Advisory & Counseling and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, or successor thereof; and any current or former partner, principal, member, officer, director, shareholder, manager, counsel, associate, employee, agent, or representative thereof.

2

11. "Rosneft" means Rosneft OAO and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, or successor thereof; and any current or former principal, member, officer, director, shareholder, manager, employee, agent, or representative thereof.

12. "Russian Official" means any current or former, elected or appointed official, judge, employee, agent, or representative of the Russian Federation, including but not limited to Achkoebek Achkoebekov.

13. "Ter-Tachatyan" means Ter-Tachatyan Legal and Business Consulting Closed Joint-Stock Company (CJSC) and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, or successor thereof; and any current or former partner, principal, member, officer, director, shareholder, manager, counsel, associate, employee, agent, or representative thereof.

14. "Yukos Armenia Proceedings" means Civil Case No. EAKD/1435/02/08; No. EKD/0002/02/09; No. VD/4342/05/09; No. VD/4680/05/09; and No. YAKD/1494/02/10, including any proceeding relating to or arising out of these proceedings in any civil court in the Republic of Armenia.

15. "Yukos CIS" means Yukos CIS Investment LLC and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, or successor thereof; and any current or former partner, principal, member, officer, director, shareholder, manager, employee, agent, or representative thereof.

16. "Yukos SNG" means Yukos SNG Investment LLC and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, or successor thereof; and

any current or former principal, member, officer, director, shareholder, manager, employee, agent, or representative thereof.

## INSTRUCTIONS

1. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2. The terms "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request any Document that might otherwise be construed to be outside its scope.

3. The use of the singular form of any word includes the plural and vice versa.

4. The past tense of a verb includes the present tense and vice versa.

5. Each Topic for Examination is to be construed independently and not by reference to any other Topic for Examination.

## TOPICS FOR EXAMINATION

1. The facts and allegations forming the basis for the Application.

2. Baker Botts' role and participation in the Yukos Armenia Proceedings.

3. Baker Botts' role in the Dutch Bankruptcy Proceeding and Dutch Set Aside Proceeding.

4. Baker Botts' interactions and Communications with Rosneft in relation to the Yukos Armenia Proceedings, Dutch Bankruptcy Proceeding, or Dutch Set Aside Proceeding.

5. Baker Botts' interactions and Communications with Prudence Legal in relation to the Yukos Armenia Proceedings, Dutch Bankruptcy Proceeding, or Dutch Set Aside Proceeding.

6. Baker Botts' interactions and Communications with Ter-Tachatyan, Yukos CIS, or Yukos SNG in relation to the Yukos Armenia Proceedings, Dutch Bankruptcy Proceeding, or Dutch Set Aside Proceeding.

7. Baker Botts' interactions and Communications with Armenian Officials or Russian Officials in relation to the Yukos Armenia Proceedings, Dutch Bankruptcy Proceeding, or Dutch Set Aside Proceeding.

8. Baker Botts' interactions or Communications with Dutch courts, judges, judicial officials, or government officials in relation to the Yukos Armenia Proceedings, Dutch Bankruptcy Proceeding, or Dutch Set Aside Proceeding.

9. Any actual or contemplated *ex parte* Communications with Armenian Officials or Russian Officials regarding the Yukos Armenia Proceeding, the Dutch Bankruptcy Proceeding, or Dutch Set Aside Proceeding.

10. Any actual or contemplated *ex parte* Communications with Dutch courts, judges, judicial officials, or government officials regarding the Yukos Armenia Proceeding, the Dutch Bankruptcy Proceeding, or Dutch Set Aside Proceeding.

11. The Documents produced in response to the Subpoena for the production of Documents issued in connection with the Application.

12. The manner and methods through which you searched for and collected Documents produced in response to the Subpoena for the production of Documents issued in connection with the Application.

13. Any other information relating to the deponent that Petitioners consider relevant.