**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF HULLEY ENTERPRISES LTD., YUKOS UNIVERSAL LTD., AND VETERAN PETROLEUM LTD., FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING | Misc. Case No. 17-1466 (BAH)<br><br>Chief Judge Beryl A. Howell |

## ORDER

Upon consideration of the petitioners' Request to Proceed Ex Parte and to Obtain a Waiver of Notice Pursuant to Local Rules 40.5(b)(2) & (3) of the United States District Court for the District of Columbia ("Pet'r's Request"), ECF No. 2, and the exhibits referenced therein, it is hereby

**ORDERED** that the Pet'r's Request, ECF No. 2, is DENIED. The reason for this Order is two-fold:

(a) First, with respect to the petitioners' request that their application for issuance of four subpoenas, pursuant to 28 U.S.C. § 1782, to Baker Botts LLP and a partner at that firm, proceed *ex parte*, the petitioners assert that "the targets of such subpoenas have ample opportunity to move to quash the subpoenas, as discovery conducted pursuant to a Section 1782 subpoena must comply with the requirements of Fed. R. Civ. P. 45." Pet'r's Request ¶ 1 (citing *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (explaining "it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*" and that "by issuing an order to show cause, the district court provided Gushlak with notice—indeed, more notice than is customary in a § 1782 proceeding")). Notwithstanding the protection provided a

1

subpoena recipient by Federal Rule of Civil Procedure 45, notice to those recipients prior to issuance of the requested subpoenas in the form of an order to show cause will "streamline these proceedings" by accelerating identification of grounds for objection, under Federal Rule of Civil Procedure 45(d)(2)(B), *In re Application of Caratube Int'l Oil Co.*, 730 F. Supp. 2d 101, 104 (D.D.C. 2010), and, more significantly, will facilitate full and fair consideration of both this Court's authority, under 28 U.S.C. § 1782, to issue the requested subpoenas and the factors identified by the Supreme Court governing the exercise of discretion to do so, *see Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–66 (2004) (explaining "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so" and "not[ing] factors that bear consideration in ruling on a § 1782(a) request"). An order to show cause is particularly appropriate here given that the requested subpoenas seek discovery from attorneys regarding their representation of clients, strongly suggesting that privileged material may be at issue. *See* 28 U.S.C. § 1782(a) ("A person may not be compelled to produce a document or other thing in violation of any legally applicable privilege.").

(b) Second, with respect to the petitioners' request for waiver of the applicable notice requirements for related cases under this Court's Local Rules, Local Civil Rule 40.5(b) provides that at the time of filing of, *inter alia*, any miscellaneous action, "the plaintiff or his attorney shall indicate . . . the name, docket number and relationship of any related case pending in this Court or in any other United States Court" and "shall serve this form on the defendant with the complaint," LCvR 40.5(b)(2), and that whenever an attorney for a party "becomes aware of the existence of a related case or

cases, the attorney shall immediately notify, in writing, the judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties," LCvR 40.5(b)(3). According to the petitioners, their "request for a waiver is predicated on reasonable concern that providing prior notification to the Russian Federation could result in the spoliation of evidence or other actions that could hinder Petitioners' efforts to obtain critical evidence." Pet'r's Request ¶ 9. Even if the Court were to assume a legitimate spoliation risk posed by attorneys at reputable law firms, the petitioners fail to explain how that risk is meaningfully mitigated by suspending the local rule providing for immediate notice of related cases. The parties entitled to notice under the local related case rule would also be entitled to notice of the requested subpoenas upon their issuance, *see* Fed. R. Civ. P. 45(a)(4),[1] and, thus, any waiver of the related case notice rule would result in only a brief delay in notice of the requested subpoenas should the petitioners be successful in their application pursuant to 28 U.S.C. § 1782. Notably, the requested subpoena recipients are subject to the same preservation obligations upon service of this Order as they would be upon service of the requested subpoenas. *See, e.g.*, Fed. R. Civ. P. 37(e) (outlining potential sanctions for failing to preserve electronically stored information "that should have been preserved in the anticipation or conduct of litigation"); and it is further

**ORDERED** that the petitioners shall serve this Order and the Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding and

---

[1] The petitioners do not appear to seek waiver of the service requirements of Federal Rule of Civil Procedure 45(a)(4), and, indeed, cite the requirements of that rule as support for their request to proceed *ex parte*, *see* Pet'r's Request ¶ 1.

Statement of Points and Authorities in Support Thereof ("Application"), ECF No. 1, upon Baker Botts LLP and Ryan E. Bull by 5:00 P.M. on June 27, 2017; and it is further

**ORDERED** that if Baker Botts LLP and Mr. Bull intend to oppose the Application, they shall show cause in writing no later than July 11, 2017, why the Application should not be granted; and it is further

**ORDERED** that the petitioners shall file a reply in support of the Application, if any, by July 18, 2017.

**SO ORDERED.**

Date: June 23, 2017

_____
BERYL A. HOWELL
Chief Judge

4